UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala Division

LOUDO TRAILERS, INC.,
a Florida Corporation, and
LOUDO ENTERPRISES, INC.,
a Florida Corporation,

    Plaintiffs,

v.

Case No.: 5:07-cv-405-Rc-10GRJ

BRAY TRAILERS, INC.
a dissolved Florida Corporation,
JAMES A. BRAY,
An Individual,
ALL-PRO TRAILERS, LLC
A Texas Limited Liability Company,
d/b/a TEXAS PRIDE TRAILERS, and
STEPHEN BRAY,
An Individual,

    Defendants.
_____/

## COMPLAINT FOR
## REVERSE/IMPLIED PASSING OFF/TRADEMARK INFRINGEMENT,
## COPYRIGHT INFRINGEMENT,
## BREACH OF NON-COMPETE AGREEMENT,
## UNFAIR COMPETITION AND RELATED CAUSES

    Plaintiff, Loudo Enterprises, Inc., a Florida corporation and Plaintiff, Loudo Trailers, Inc., a Florida corporation (collectively "Plaintiffs"), hereby complain against Defendants, Bray Trailers, Inc., a Florida corporation, All Pro Trailers, LLC, a Texas Limited Liability Corporation d/b/a Texas Pride Trailers, Stephen Bray, an individual, and James A. Bray, an individual, (collectively "Defendants") and assert:

### THE PARTIES

    1.    Plaintiff Loudo Trailers, Inc. is a Florida corporation with its principal place of business at 8479 S.E. State Road 26, Newberry, Florida 32669. Plaintiff Loudo Enterprises, Inc., is a Florida Corporation with a mailing address of 3633 U.S. Highway

1

19, New Port Richey, Florida 34652. Plaintiffs have for many years maintained a manufacturing facility in Newberry, Florida. Plaintiffs also control and maintain various trailer dealerships throughout the State of Florida in such places as Miami, Pensacola, and in other locations throughout South Central and North Central Florida.

    2.    Defendant Bray Trailers, Inc. (hereinafter "Bray Trailers") is a dissolved corporation organized under the laws of the State of Florida, doing business in Florida, and upon information and belief having an address at 15112 N.W. 5th Avenue, Newberry, Florida 32669.

    3.    Defendant All-Pro Trailers, LLC. d/b/a Texas Pride Trailers (hereinafter "All-Pro" and/or "Texas Pride Trailers"), is an entity organized and existing under the laws of the State of Texas, doing business in Texas and doing substantial marketing and business in the State of Florida, and upon information and belief having a principal address at 1241 Interstate 45 North, Madisonville, Texas 77864 and/or 2209 Interstate 45 North, Madisonville, Texas 77864.

    4.    Defendant James A. Bray, an individual, is a principal of both corporate Defendants and upon information and belief is a citizen of the State of Florida and/or the State of Texas and upon information and belief currently resides or otherwise owns property at 15112 N.W. 5th Avenue, Newberry, Florida 32669.

    5.    Defendant Stephen Bray, an individual, is a principal of All-Pro and upon information and belief is a citizen of the State of Florida and/or the State of Texas and upon information and belief currently resides or otherwise owns property at 1241 Interstate 45 North, Madisonville, Texas 77864 and/or 2209 Interstate 45 North, Madisonville, Texas 77864.

## JURISDICTION AND VENUE

    6.    This Court has federal question jurisdiction over this controversy, pursuant to 28 U.S.C. §1331, because a portion of this claim arises pursuant to the Lanham Act, 15 U.S.C. §1125(a). This Court also has supplemental jurisdiction over the non-federal question claims pursuant to 28 U.S.C. §1367 because those claims are interrelated to the federal claims.

    7.    Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1)(2) in so much as the acts giving rise to this cause of action occurred in this District. For

instance, many of the acts giving rise to this cause of action stem from the Defendants' advertising in an industry sales magazine *Equipment Trader* (a.k.a. the *Heavy Equipment Trader*) which is distributed throughout the State of Florida.

## FACTUAL BACKGROUND
### The Business of Plaintiff

8. Since long prior to the acts of Defendants complained of herein, Plaintiffs, and/or related entities, adopted and used the inherently distinctive designation and trademark "LOUDO" and/or "LOUDO TRAILERS" for use in connection with utility trailers including but not limited to dump trailers (the "Common Law Mark"). Such adoption and use of the Common Law Mark began in the State of Florida and interstate commerce since at least as early as July of 2001. Since that time, the Common Law Mark has been in continuous use in Florida and interstate commerce. Because of such long, continuous, and exclusive use, Plaintiff enjoys common law protection for the Common Law Mark.

9. Plaintiffs' Mark has acquired substantial goodwill in the State of Florida, and beyond.

10. Plaintiffs' Mark has acquired fame within Florida and throughout the United States.

11. Plaintiffs' Mark has acquired Niche Fame within its industry and related industries.

12. Plaintiffs' Mark (and the goodwill associated therewith) are of inestimable value to Plaintiffs and thus present strong value in Plaintiffs' core business.

13. Plaintiffs took pictures of its products bearing its trademark. These photographs were taken at Plaintiffs' direction by an employee of Plaintiffs. Plaintiffs retain all rights and ownership in these photographs and are therefore the owners of all copyright therein.

14. Attached as Exhibit A-1 is a photograph authored and owned by Plaintiff. The photograph depicts one of Plaintiff's trailers. In the background of the photograph is a "DOLLAR STORE" located at in the same shopping plaza as Plaintiffs' New Port Richie, Florida location. See Exhibits A-1 through A-15.

15. On September 28, 2007, Plaintiff filed for copyright registration of this

photograph with the United States Copyright Office. See Exhibit B. Pursuant to 17 U.S.C. §411 an action for infringement of the copyright may be instituted as long as the deposit, application, and fee required for registration have been delivered.

### Defendants' Violation of the Non-Compete Agreement

16. On or about July 26, 2007 Plaintiff, Loudo Enterprises, Inc., purchased the assets of Bray Trailers, Inc. from James A. Bray. See Exhibit C.

17. As part of the asset purchase agreement, James A. Bray entered into a Non-Compete Agreement wherein he expressly agreed that he and Bray Trailers would not "within **5 YEARS (5) OF THE DATE OF THIS INSTRUMENT ENGAGE IN THE BUSINESS OF TRAILER SALES AND OR MANUFACTURING WITHIN A 500 MILE RANGE** of Loudo Enterprises Inc." Id. at Schedule A (emphasis original).

18. In an October 26, 2005 letter to Plaintiffs, Defendants James A. Bray and Bray Trailers acknowledged that he could not engage in the sale or manufacture of trailers with the range described in Exhibit C when he sought to gain Plaintiffs' approval of a "one time test market in Florida for a friend." See Exhibit D.

19. Loudo Enterprises, Inc., does business out of Newberry, Florida. The entire State of Florida is within a 500 mile radius of Newberry, Florida and is therefore covered by the non-compete agreement.

20. Subsequent to the execution of the agreement attached as Exhibit C, Defendants sent an undated letter to Plaintiffs' principal written on Texas Pride Trailer's letterhead and signed by Defendant James A. Bray as well as by non-party Lori Bray, on behalf of Defendants Bray Trailers and Texas Pride Trailer. See Exhibit E.

21. The letter includes allegations that Plaintiffs or their principal owed Defendants $159,000 and that failure to pay the alleged debt would cause Defendants to breach any prior agreements between the parties. Specifically, Defendants asserted that "within 30 to 45 days we will begin opening up dealerships in the Florida and Georgia markets. First selling dump trailers, and within 60 to 90 days, we will have a complete line of open trailers." Id.

22. This letter also included a not-so-veiled threat in the form of the following quote:

> In order to understand Texans, you have to understand how they

4

think. You see, a Texan that grabs his rifle and rides down the street and shoots his neighbor, does not think of himself as a serial killer. Rather, he simply considers himself to be settling a quarrel with his neighbor in fully accepted Texas style.

Id.

23. Whether this quote was intended to frighten or not is unclear. However, it is clear that Defendants were warning Plaintiffs that they would seek to settle the quarrel regarding the alleged debt by any means necessary, specifically including by violating the terms of the non-compete agreement and by any other unlawful means necessary.

24. Since that time and at least as recently as September of 2007, both James A. Bray and Bray Trailers have actively engaged in the business of trailer sales within 500 Miles of Plaintiff at least through advertisements appearing in the Florida edition of *Equipment Trader* magazine; the Arkansas, Louisiana, Kansas, Mississippi, Missouri, Oklahoma, Tennessee, Texas edition of *Equipment Trader* magazine; the Alabama, Georgia, Mississippi, Southeast Tennessee edition of *Equipment Trader* magazine; the Southeast edition of *Pay Load* magazine; of *Commercial Truck, Trailer, & Equipment Trader* magazine; and possibly through advertisements in the Arkansas, Louisiana, Kansas, Mississippi, Missouri, Oklahoma, Tennessee, Texas edition of *Equipment Trader* magazine. See Exhibit F.

25. The placement of such advertisements constitutes engaging in the business of trailer sales and/or manufacturing within the State of Florida and within a 500 mile range of Plaintiff's Newberry, Florida based business and is a willful violation of the non-compete agreement entered into by the parties.

### Defendants' Tortious Acts

26. In the "fully accepted Texas style" so colorfully described in Defendants' undated letter to Plaintiffs' principal, Defendants' have engaged in a campaign of tortious acts aimed at disrupting Plaintiffs' business operations and otherwise infringing on Plaintiffs' rights at least through the unauthorized use of photographs owned by Plaintiffs, by re-branding Plaintiff's goods as those of Defendants, by publicly advertising false and libelous statements regarding money allegedly owed by Plaintiffs and/or their principal, by tortiously interfering with Plaintiffs' contractual and/or business relations, and by otherwise engaging in acts which constitute unfair competition,

unconscionable acts, and/or deceptive practices.

### Defendants' Misuse of Plaintiffs' Photographs

27. Plaintiff, Loudo Enterprises, Inc. owns certain photographs attached hereto as Exhibit A-1 through A-15.

28. Defendants, having acquired reproductions of these photographs (presumably by copying and pasting those photographs from Plaintiffs' website), have used at least one of these photographs for their commercial gain and in so doing have infringed Plaintiffs' copyrights therein.

29. Specifically, at least the photographs displayed by Defendants in advertisements on pp. 167 and 177 of the April 27, 2007 issue of the Florida edition of *Equipment Trader* magazine; pp. 157 and 180 of the May 4, 2007 issue of the Florida edition of *Equipment Trader* magazine; pp. 171 and 192 of the May 25, 2007 issue of the Florida edition of *Equipment Trader* magazine; p. 178 of the June 1, 2007 issue of the Florida edition of *Equipment Trader* magazine; p. 184 of the June 15, 2007 issue of the Florida edition of *Equipment Trader* magazine; pp. 143 and 148 of the August 3, 2007 issue of the Florida edition of *Equipment Trader* magazine; pp. 144 and 151 of the August 17, 2007 issue of the Florida edition of *Equipment Trader* magazine; pp. 129 and 177 of the August 24, 2007 issue of the Florida edition of *Equipment Trader* magazine; p. 124 of the August 25, 2007 issue of the Arkansas, Louisiana, Kansas, Mississippi, Missouri, Oklahoma, Tennessee, Texas edition of *Equipment Trader* magazine; the Alabama, Georgia, Mississippi, Southeast Tennessee edition of *Equipment Trader* magazine; p. 130 of the September 15, 2007 issue of the Arkansas, Louisiana, Kansas, Mississippi, Missouri, Oklahoma, Tennessee, Texas edition of *Equipment Trader* magazine; the Alabama, Georgia, Mississippi, Southeast Tennessee edition of *Equipment Trader* magazine; p. 103 of the September 17, 2007 issue of the Southeast edition of *Pay Load* magazine; and in the Big Truck Show Special Edition 2007 of *Commercial Truck, Trailer, & Equipment* Trader magazine are direct infringements of Plaintiffs' photographs introduced hereto as Exhibits A-1 and A-2. Compare with Exhibits F.

30. The same or a similar infringement of Plaintiffs' copyrights appears in a brochure created and published by Defendants and available on their http://www.texaspridetrailers.com website. See Exhibit G.

31. The infringing photograph or another similar infringement of Plaintiffs' copyrights appears in an advertisement created and placed by Defendants on www.ebay.com at:
http://motors.search.ebay.com/_W0QQfgtpZ1QQfrppZ25QQsassZtexaspridetrailers. See Exhibit H.

### Defendants' Misuse of Plaintiffs' Name and Products

32. On or about September 1, 2007, Plaintiff learned that Defendants, under the trade name "BRAY TRAILERS" were running several advertisements principally in *Equipment Trader* magazine, but in other magazines as well. See Exhibit F. Defendants also took the liberty to place an advertisement for the accused trailers on their website located at URL www.texaspridetrailers.com as well as on www.ebay.com. See Exhibits G and H. These advertisements displayed at least one of Plaintiffs' "LOUDO TRAILERS"[1] and falsely characterized the same as being "factory direct" or otherwise being one of Defendants' products.

33. Defendants' full page color advertisements placed in at least p. 103 of the September 17, 2007 issue of the Southeast edition of *Pay Load* magazine; p. 143 of the August 3, 2007 issue of the Florida edition of *Equipment Trader* magazine; p. 151 of the August 17, 2007 issue of the Florida edition of *Equipment Trader* magazine; and p. 129 of the August 24, 2007 issue of the Florida edition of *Equipment Trader* magazine also included the statement "**Hey Louie, Where's My $159,000!**" See Exhibit F (emphasis added). The "Louie" described in the quote refers to Plaintiffs' principal, Lou Dobard. This reference to Plaintiffs' principal would be obvious to all in the same industry.

34. Defendants' full page color advertisement placed in at least the August 31, 2007 edition of *Equipment Trader* magazine also included the libelous statement "THINKING ABOUT BUYING A **LOUDO TRAILER**? BUY THE ORIGINAL, BUY THE BEST, BUY A **BRAY TRAILER**!" Id. (capitalization original, bold and underline added).

35. The placement of this advertisement in at least the August 31, 2007 issue of the Florida edition of *Equipment Trader* magazine is especially damaging to Plaintiffs as Plaintiffs' own advertisement is on the following page of the magazine.

---

[1] At least one of the photographs was digitally altered by Defendants to remove Plaintiffs' trademark.

36. Upon information and belief, Defendants have placed similar advertisements in other outlets, including but not limited to The Trader Online and on eBay. Upon information and belief, further advertisements will be uncovered.

37. Upon information and belief, Defendants have and continue to sell and market Plaintiffs' trailer(s) and variations thereof by removing Plaintiffs' trademarks and re-branding them under their own "ALL PRO" and/or "TEXAS PRIDE" trademarks without the authorization or permission of Plaintiffs.

38. By advertising Plaintiffs' trailer with Defendants' "ALL PRO" and/or "TEXAS PRIDE" Defendants have failed to credit Plaintiffs as the manufacturer of the trailer(s) in question. Such re-branding is actionable under the Lanham Act and is commonly referred to as "reverse passing off."

39. Plaintiffs as the original source of the re-branded product are involuntarily deprived of the advertising value of their name and goodwill that otherwise would stem from public knowledge of the true identifying source of the product.

40. Defendants have been unjustly enriched by their actions, and unfairly appropriated the benefits of Plaintiffs' own product development.

41. Defendants' conduct has caused and will continue to cause Plaintiffs to suffer irreparable injuries.

42. Defendants' conduct is willful and in knowing violation of the law.

43. The harm caused Plaintiffs by Defendants' conduct is immediate, continuing and irreparable, as a matter of law.

44. An award of monetary damages alone cannot fully compensate Plaintiffs for its injuries and Plaintiffs therefore lacks an adequate remedy at law.

### COUNT I
### COPYRIGHT INFRINGEMENT
(Against All Defendants)

45. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiffs own all copyright in and to the photographs attached as Exhibits A-1 through A-15.

47. Applications for copyright registration of these photographs have been submitted to the U.S. Copyright Office.

48. Pursuant to 17 U.S.C. §411 an action for infringement of the copyright may be instituted as long as the deposit, application, and fee required for registration have been delivered.

49. Defendants' complained of use of identical and/or substantially identical reproductions of Plaintiffs' original works constitutes infringement of Plaintiffs' copyrights.

50. Plaintiffs have been and continue to be damaged by Defendants' use of infringements of Plaintiffs' copyrights.

51. Defendants' infringing acts have caused Plaintiffs to suffer irreparable harm.

## COUNT II
## REVERSE PASSING OFF
## UNDER 15 U.S.C. §1125
(Against All Defendants)

52. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

53. The acts and conduct of Defendants complained of in this Complaint constitute one or more violations of the Lanham Act, 15 U.S.C. §1125 (a).

54. Defendants have made false and misleading representations as to the source of Plaintiffs' product and/or have failed to clarify as necessary that the products in question were that of Plaintiffs'.

55. For years prior to the acts complained of herein, consumers have recognized the excellent quality, and characteristics of Plaintiffs' "LOUDO TRAILERS."

56. The Defendants' re-branding and false misrepresentations are intended to, and do cause confusion, mistake and deception in third persons, customers and potential customers, and members of the general public about the origins of the "LOUDO TRAILERS," as well as confusion as to the relative nature, capabilities, history, and product qualities of the Defendants and their business enterprises in relation to the Plaintiffs.

57. As a direct and proximate result of Defendants' violations of the Lanham Act, Plaintiffs have sustained damages in the form of diverted sales and other forms of direct and indirect damages. Moreover, the continued deceptive actions will result in

future diverted sales and future damages to Plaintiffs as well as irreparable harm to Plaintiffs' business standing, reputation, and goodwill.

## COUNT III
## UNFAIR COMPETITION
(Against All Defendants)

58. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

59. Plaintiffs manufacture and market in interstate commerce inherently distinctive trailers bearing the mark "LOUDO TRAILERS."

60. Plaintiffs' trademark serves as an indicator of source for Plaintiffs' goods.

61. The Defendants have advertised and sold, and continue to advertise and sell, in interstate commerce Plaintiffs' "LOUDO TRAILERS" with Defendants' own mark.

62. The Defendants' re-branding of Plaintiffs' goods with its own mark and selling Plaintiffs' goods as Defendants' goods has harmed Plaintiffs' reputation, severely damaged Plaintiffs' goodwill, and upon information and belief, has diverted sales from Plaintiffs.

63. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued.

## COUNT IV
## TORTIOUS INTERFERENCE
## WITH PROSPECTIVE BUSINESS RELATIONS
(Against All Defendants)

64. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

65. Plaintiffs had business relationships and contractual expectancies that would have provided economic benefit to the Plaintiffs with certain third parties.

66. The Defendants had knowledge of these relationships and expectancies.

67. In the absence of tortious conduct by the Defendants, Plaintiffs were reasonably certain to have secured contracts with many if not all of the third parties.

68. The Defendants intentionally and tortiously interfered with the Plaintiffs' business relationships and expectancies.

69. As a direct and proximate result, the Plaintiffs have been damaged.

## COUNT V
## BREACH OF NON-COMPETE AGREEMENT
(Against James A. Bray and Bray Trailers)

70. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

71. On July 25, 2005 Defendants James A. Bray and Bray Trailers, for good and valuable consideration, entered into a valid and enforceable "non-compete" agreement with Plaintiff, Loudo Enterprises, Inc. See Exhibit C.

72. The terms of that agreement clearly indicate that Defendants James A. Bray and Bray Trailers would not "within **5 YEARS (5) OF THE DATE OF THIS INSTRUMENT ENGAGE IN THE BUSINESS OF TRAILER SALES AND OR MANUFACTURING WITHIN A 500 MILE RANGE** of Loudo Enterprises Inc." Id. at Schedule A (emphasis original).

73. The acts complained of herein constitute, at least, "engag[ing] in the business of trailer sales and or manufacturing within a 500 mile range of Loudo Enterprises Inc." within five (5) years of the date of the agreement between the parties.

74. Defendants James A. Bray and Bray Trailers complained of acts are in direct violation of the agreement entered into by and between the parties.

75. Plaintiffs have been and continue to be damaged by the continuing breach of the non-compete agreement.

## COUNT VI
## TORTIOUS INTERFERENCE
## WITH CONTRACTUAL OBLIGATION
(Against All-Pro and Stephen Bray)

76. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

77. On July 25, 2005 Defendants James A. Bray and Bray Trailers, for good and valuable consideration, entered into a valid and enforceable "non-compete" agreement with Plaintiff, Loudo Enterprises, Inc. See Exhibit C.

78. The terms of that agreement clearly indicate that Defendants James A. Bray and Bray Trailers would not "within **5 YEARS (5) OF THE DATE OF THIS INSTRUMENT ENGAGE IN THE BUSINESS OF TRAILER SALES AND OR**

**MANUFACTURING WITHIN A 500 MILE RANGE** of Loudo Enterprises Inc." Id. at Schedule A (emphasis original).

79. Defendant Stephen Bray upon information and belief is the brother of Defendant James A. Bray and had knowledge of the non-compete agreement between Plaintiffs and Defendants James A. Bray and Bray Trailers.

80. Upon information and belief, aware of the contractual obligation that Defendant James A. Bray could not "engage in the business of trailer sales and or manufacturing within a 500 mile range of Loudo Enterprises Inc.," Defendant All-Pro and/or Stephen Bray hired Defendant James A. Bray to perform services related to "the business of trailer sales and or manufacturing."

81. As evidenced at least by the advertisement placed by All-Pro and introduced herein as Exhibit E, All-Pro engages in the business of trailer sales and/or manufacturing and does so within 500 miles of Plaintiffs' principal place of business. See Exhibit F.

82. Defendants All-Pro and Stephen Bray's actions in inducing or otherwise enticing Defendants James A. Bray and/or Bray Trailers to "engage in the business of trailer sales and or manufacturing within a 500 mile range of Loudo Enterprises Inc." constitutes wrongful and tortious interference with existing contractual obligations between Plaintiffs and Defendants James A. Bray and Bray Trailers.

### COUNT VII
### TRADE LIBEL
(Against All Defendants)

83. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

84. Defendants published false statements regarding an alleged debt which Defendants claimed was owed by Plaintiffs and/or their principal to Defendants.

85. Such false statements were printed and otherwise published to third parties at least in p. 103 of the September 17, 2007 issue of the Southeast edition of *Pay Load* magazine; p. 143 of the August 3, 2007 issue of the Florida edition of *Equipment Trader* magazine; p. 151 of the August 17, 2007 issue of the Florida edition of *Equipment Trader* magazine; and p. 129 of the August 24, 2007 issue of the Florida edition of *Equipment Trader*. See Exhibit F.

86. The Florida edition of *Equipment Trader* magazine is a trade magazine with wide distribution and readership among competitors and consumers in Plaintiff's business.

87. *Pay Load* magazine likewise is a trade magazine with wide distribution and readership among competitors and consumers in Plaintiff's business.

88. The publication of the complained of false statements has caused, and continues to cause, Plaintiffs irreparable damage to their reputation as well as to their business.

## COUNT VIII
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Against All Defendants)

89. Plaintiffs incorporate herein each and every allegation set forth in Paragraphs 1 through 44 as if fully set forth herein.

90. Defendants' aforementioned acts constitute unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of a trade or commerce under Fla. Stat. §501.204.

91. Defendants' acts have harmed Plaintiff's reputation, severely damaged Plaintiffs' goodwill, and upon information and belief, have diverted sales from Plaintiffs.

92. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

93. Plaintiffs have no adequate remedy at law

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants as follows:

    a. Enjoining Defendants and their licensees, agents, servants, employees, attorneys, representatives, successors and assigns, and all persons, entities, firms or partnerships in active concert or participation with Defendants during the pendency of this action, preliminarily and permanently enjoined from:

i. Directly or indirectly infringing the above described Marks and/or their foreign language equivalents in any manner, including, generally, but not limited to using, reproducing, manufacturing, advertising, selling, offering for sale, distributing any goods or merchandise which picture, reproduce, or utilize, or purport to picture, reproduce, or utilize the Marks and/or foreign language equivalents, emblem, symbol, design, name, designation, word, or terminology, performing or offering to perform any services utilizing or under the Marks and/or foreign language equivalent, registering or obtaining a registration for domain names containing the term the Marks or substantially similar terms;

ii. Directly or indirectly infringing the above described Photographs and/or copyrights in any manner;

iii. Applying the Marks and/or foreign language equivalents, emblem, symbol, logo, design, name, designation, word, or terminology, or any reproduction, counterfeit, copy or colorable imitation of the same to any label, sign, print, package, wrapper, receptacle, brochure, product, invoice, website, email address or advertisement used in connection with the manufacture, distribution, sale or offering for sale of any goods, merchandise or products, in connection with the performance of or offer to perform any services;

iv. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Marks and/or foreign language equivalents, emblem, symbol, logo, design, name, designation, word, or terminology in connection with the promotion, advertisement, marketing or performance of any services, or the promotion, advertisement, display, marketing, sale, offering for sale, manufacture, production, importation, exportation, or distribution of any goods, apparel, merchandise or products in the United

        States, or which relate, connect or associate such goods or services in any way to Plaintiff;

   v. Using any trademark, service mark, trade name, logo or design that tends to falsely to represent, or is likely to confuse, mislead or deceive Plaintiff's customers, Defendants' customers or members of the public that the unauthorized services performed or offered to be performed by Defendants original from Plaintiff, or that said services are sponsored, approved, licensed, associated, connected or affiliated with Plaintiff;

   vi. Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers, Plaintiff's customers, or members of the public that the actions of the Defendants are sponsored, approved, licensed, connected or affiliated with Plaintiff;

   vii. Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers, Plaintiff's customers, or members of the public that the actions and/or goods of the Plaintiffs are sponsored, approved, licensed, connected or affiliated with Defendants;

   viii. Affixing, applying, annexing or using in connection with the manufacture, distribution, advertising, promotion, sale, offering for sale, performance or offer to perform, or other use of any business records, website, or email address, a false description or representation, including words or other symbols, tending to describe falsely or represent such goods, services or advertising material as being those of Plaintiff;

   ix. Otherwise competing unfairly with Plaintiff.

b. As provided by 15 U.S.C. §1116(a) and Florida Statute §495.141, and within thirty (30) days of entry of judgment for Plaintiffs, requiring Defendants and each of their licensees, agents, servants, employees, attorneys, representatives, successors and assigns and all persons, entities,

      firms or partnerships in active concert or participation with Defendants to deliver up for destruction or distribution to Plaintiffs: any and all advertising materials, letterhead, business cards, invoices, business records, websites, brochures, flyers, menus, and any other writing materials or electronic material used in its business, which falsely display, reproduce, copy, counterfeit, imitate or bear any of the Marks and/or foreign language equivalents, emblem, symbol, logo, design, name, designation, terminology or any simulation or variant thereof;

c.    Pursuant to Florida Statute §495.141, damages as determined by the Court or alternatively all profits derived from and by reason of wrongful use of the infringing Mark, together with, and in accordance with the circumstances of the case, the sum above the amount found as actual damages not exceeding three times such amount;

d.    Entry of judgment for Plaintiffs' damages sustained in connection with Defendants' libelous acts, Defendants' tortious interference with Plaintiffs' business expectations and contractual obligations, and Defendants breach of the covenant not to compete entered into Between Plaintiffs and Defendants; and

e.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues to triable.

Dated: September 28, 2007

                              Respectfully Submitted,
                              LOUDO TRAILERS, INC. and
                              LOUDO ENTERPRISES, INC.

By:    _____
                              Frank Herrera
                              Florida Bar No. 494801
                              Email: fherrera@rra-law.com
                              Gustavo Sardiña
                              Florida Bar No. 31162
                              Email: gsardina@rra-law.com
                              ROTHSTEIN ROSENFELDT ADLER
                              Las Olas City Centre, Suite 1650
                              401 East Las Olas Boulevard
                              Fort Lauderdale, Florida 33301
                              Tel.: (954) 522-3456
                              Fax.: (954) 527-8663
                              **Attorneys for the Plaintiffs**