UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUDO TRAILER, INC., et al.,

    Plaintiffs,

v.                                         Case No. 5:07-cv-405-T-24 GRJ

BRAY TRAILERS, INC., et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court for consideration of the following motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure:

### A. Motion for Rule 11 Sanctions filed by third party defendant Vicki Dobard (Doc. No. 85)

Third party defendant Vicki Dobard moves the Court to impose sanctions against Defendant James Bray and his counsel, Bernard Mazaheri, W. John Gadd, and the law firm of Mazaheri Gadd, P.A., for bringing a frivolous action against her. On November 14, 2007, Defendant Bray filed his Answer to the Complaint and Counterclaims. His "counterclaims" included third party claims against Dobard for alleged Improper Notarization in violation of Florida law. Dobard witnessed and notarized the agreement that is at issue in this case.

Dobard moved to dismiss the improper notarization claims for failure to state a claim pursuant to Rule 12(b)(6). The Court granted that motion, holding that Bray's allegations against Dobard were "a mere regurgitation of the statutory language and devoid of enough facts to state a plausible basis for the claim." The Court further held that the allegations "[did] not even remotely relate to the conduct that is prohibited by the [statute]." The Court dismissed the

claims without prejudice, and permitted third party plaintiff Bray to amend the claims.

Bray filed an amended third party complaint for improper notarization against Dobard, and she moved to dismiss for the second time. Dobard argued that the allegations in Bray's amended third party complaint against her remained almost entirely unchanged and that Bray had failed to correct the problems identified by the Court in his original pleading. This time, the Court granted Dobard's motion and dismissed the improper notarization claims against her with prejudice.

Dobard moves for sanctions against Bray and his counsel on the grounds that they knowingly brought frivolous claims against her, when they filed their amended third party complaint after the Court already ruled the claims were meritless as alleged. Bray responds that he conducted significant research before filing the amended claims and that he added facts to his allegations that he thought would cure the defect in his pleading. (Doc. No. 104.)

Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (quotation marks and citation omitted). Although Rule 11 sanctions are appropriate "when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when claim is merely weak . . . ." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Considering these factors, Bray's claims of improper notarization–although weakly alleged–did not rise to the level of frivolity to warrant Rule 11 sanctions.  Bray attempted to revise his allegations with a few additional facts, and there is no evidence that his pleading was filed in bad faith or for an improper purpose.  Although a claim of improper notarization is novel and apparently untested in the Florida courts, the Court cannot state that it is based on a legal theory that has no reasonable chance of success.  Accordingly, the motion is **DENIED**.

.        **B.        Motion for Rule 11 Sanctions filed by defendant James Bray (#142)**

Defendant James Bray moves the Court to impose Rule 11 sanctions against Plaintiff Loudo Trailers, Inc., and its counsel Frank Herrera, Gus Sardina, and the law firm of Rothstein Rosenfelt Adler.  Defendant Bray contends that Loudo Trailers, Inc. lacks standing to sue because it is not a named party to the covenant not-to-compete at issue in this case and that Plaintiff's sole purpose in bringing this suit has been to harass Defendant Bray and to needlessly increase the cost of litigation.

Plaintiff Loudo Trailers, Inc. and its counsel filed a response in opposition to the motion. (Doc. No. 151.)  They contend that Loudo Trailers, Inc. does have standing because of the company's agency relationship with Louis Dobard, another named party to this suit. Nevertheless, even if the company does not have standing, they contend that they have asserted a good faith argument for standing due to the unique relationship between Loudo Trailers, Inc. and Loudo Enterprises, Inc.

The Court agrees.  Applying the standard of review set forth above, the Court finds that, whether or not Loudo Trailers, Inc. and its counsel prevail in this case, their position is stated in good faith and is reasonable based on the law and facts.  There is no evidence that the company's

claims were filed to harass Defendant Bray or to increase litigation costs. Defendant Bray's argument for lack of standing would have been more appropriately asserted in a motion to dismiss. Accordingly, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of August, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge