UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUDO TRAILERS, INC., et al.,

        Plaintiffs,

vs.                                    Case No. 5:07-CV-405-T-24-GRJ

BRAY TRAILERS, INC., et al.,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiff Loudo Enterprises, Inc.'s Motion for Interlocutory Certification under 28 U.S.C. § 1292(b) and for Stay Pending Appeal. Plaintiff moves for certification of the Court's May 11, 2009 pretrial order dismissing its claim for breach of the covenant not-to-compete, so that the issue may be decided on immediate interlocutory appeal to the Eleventh Circuit Court of Appeals. Plaintiff also moves the Court to stay this action pending such interlocutory appeal. For the reasons stated herein, the motion is denied.

**I.    Background**

On October 9, 2007, Plaintiffs Loudo Trailers, Inc. and Loudo Enterprises, Inc. filed suit against Defendants Bray Trailers, Inc., James A. Bray, All-Pro Trailers, LLC d/b/a Texas Pride Trailers ("All-Pro"), and Stephen Bray. Plaintiff asserted numerous claims for copyright infringement, reverse passing-off, unfair competition, tortious interference with prospective business relations, trade libel, and violation of Florida's Deceptive and Unfair Trade Practices Act. Plaintiff also asserted a claim against James Bray and Bray Trailers, Inc. for breach of a non-compete agreement and a claim against Stephen Bray and All-Pro for tortious interference with contractual obligations.

Over the course of the past two years, the parties have engaged in extensive discovery and filed numerous motions on discovery matters, as well as dispositive motions to dismiss and motions for summary judgment. The Court held several pretrial conferences in this case, and set it for trial in May of 2009. In its May 11, 2009 pretrial order, the Court determined sua sponte that Plaintiff could not proceed on its claim for breach of the covenant not-to-compete and for tortious interference with a contractual obligation, reasoning that the covenant not-to-compete upon which those claims were based was patently uncertain, and therefore unenforceable. Plaintiff sought reconsideration of that ruling, which the Court denied.

Plaintiff appealed the ruling on June 19, 2009. The case was stayed pending appeal. Then, on August 6, 2009, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. The appellate court found that the Court's pretrial order dismissing Plaintiff's claim for breach of the non-compete agreement was not final or appealable. Once the case returned from appeal, it was transferred to the undersigned on August 11, 2009. The Court has since re-set this case for trial before the undersigned to begin in approximately one month, on November 30, 2009.

Still unhappy with the dismissal of the breach of the non-compete claim, Plaintiff moved to amend its complaint to add three new claims for unjust enrichment, quantum meruit, and promissory estoppel. The Court denied that motion, concluding that Plaintiff had unduly delayed in seeking the amendment.

## II. Discussion

Plaintiff now moves the Court to certify its May 11, 2009 pretrial order dismissing Plaintiff's claim for breach of the covenant not-to-compete, so that the issue may be decided on immediate interlocutory appeal. Plaintiff asks that the following three questions be certified for

appeal:

> (1) Whether Fla. Stat. § 542.335(c) places the burden of challenging the contractual restraint on the Defendant, thus by unilaterally dismissing the claim, the Court improperly shifted the burden onto Loudo;
>
> (2) Whether the District Court improperly employed a rule of contractual construction that required the Court to construe the covenant "narrowly, [and] against the restraint" in violation of Fla. Stat. § 542.335(h); and
>
> (3) Whether the Court is statutorily obliged to modify a covenant not to compete to include a reasonable geographic scope under the facts of this case namely, where [a] covenant not to compete contains an alleged patent ambiguity as to the starting point of the geographic scope of the restraint.

(Doc. No. 248, p.4.) Plaintiff also moves for a stay pending such interlocutory appeal.

Under 28 U.S.C. § 1292(b), appeal of a non-final order may be permitted when the district court certifies in writing that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Three factors are relevant in deciding whether an order merits interlocutory review: (1) whether the case presents a "controlling question of law"; (2) whether there is a "substantial ground for difference of opinion"; and (3) whether the appeal will "materially advance the ultimate termination of the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004). In setting forth this standard, the Eleventh Circuit has warned that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.* at 1259.

The Court concludes that the pretrial order and the three questions proposed for

certification do not meet the § 1292(b) standard.  Rather, this case presents a textbook example of when interlocutory appeal should not be permitted.  *Id.* (noting that the "antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case").  Plaintiff may disagree with the Court's decision that the covenant not-to-compete was ambiguous and unenforceable and that the claim for breach of that covenant therefore must be dismissed; however, that issue does not present a "controlling question of law."  Nor does it present a legal principle as to which there is a "substantial ground for difference of opinion."  Florida law governing contracts is clear–it is the application of the law to the facts that Plaintiff disputes.  Therefore, this issue does not meet the standard for interlocutory appeal.

Moreover, to permit another interlocutory appeal at this time would do nothing but unnecessarily prolong this litigation.  To permit interlocutory appeal, "the legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."  *Id.*  Moreover, "the answer to that question must substantially reduce the amount of litigation left in the case."  *Id.*  To permit interlocutory review of the claim for breach of the non-compete agreement would not reduce the litigation in any significant amount because both Plaintiff and third-party plaintiff James Bray have several other pending claims that must be resolved by a jury or by the Court.  *See id.* at 1257 (noting that the proper questions for interlocutory appeal "involve potentially dispositive legal questions collateral to the merits that might render unnecessary a lengthy trial").  The resolution of those claims is not contingent on the viability of the claim for breach of the non-compete agreement.  *See i.d.* (noting that proper issues for

4

interlocutory appeal are, for example, the denial of a motion to dismiss an antitrust action on statute of limitations grounds and the denial of a motion to dismiss for want of jurisdiction).

### III. Conclusion

Accordingly, Plaintiff's motion for interlocutory certification under 28 U.S.C. § 1292(b) and motion for stay pending appeal are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of October, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

5